HACKENSACK WATER COMPANY, APPELLANT, v. BOARD OF PUBLIC UTILITY COMMISSIONERS, RESPONDENT.

Argued February 5, 1921—Decided February 15, 1921.

In fixing the rates which a water company, supplying a number of municipalities, may charge, the board of public utility commissioners may not fix rates which discriminate between the various municipalities so served.

---

On appeal from an order made by the public utility commissioners.

Before Justice MINTURN.

For the Hackensack Water Company, *William M. Wherry, Jr. (Collins & Corbin* on the brief).

For the City of Hoboken, *John J. Fallon.*

For Hackensack and Teaneck, *Wendell J. Wright.*

For the board of public utility commissioners, *L. Edward Herrmann.*

The opinion of the court was delivered by

SWAYZE, J.  Inasmuch as the parties in this case desire a speedy decision in order that the appeal may be taken to the March term of the Court of Errors and Appeals, I will only indicate a single consideration which, in my judgment, requires a reversal of the action of the utility board.

The water company supplies the city of Hoboken and several municipalities outside of Hoboken.  The supply to Hoboken is under a contract made many years ago and since renewed and expiring next year.  The public utility commissioners at different times have ascertained the value of the property devoted to the supply of Hoboken and the value of the property devoted to the supply of the other municipalities and they have from time to time increased the rate allowed to be charged in the other municipalities, but have not increased the rate allowed to be charged in Hoboken.

Upon the theory that the contract between Hoboken and the water company could not be varied, the necessary result has been that the larger proportion of the cost of the service has fallen upon the other municipalities and a smaller proportion upon Hoboken.  The water company, in the summer and fall of 1920, sought to have the rate increased in all the municipalities and an increase was allowed in the others, although not as large as the company claimed, but the board refused to consider the case of Hoboken.  The water company appeals from the failure of the board to allow its claim as to the other municipalities, and also appeals from the refusal to consider the case of Hoboken.  The situation now is: that the company is receiving a return of two and thirty-seven hundredths per cent. on the value of the property used for the supply of Hoboken, and seven per cent. on the property used for the supply of the other municipalities.  Manifestly

this is discrimination between Hoboken and the other municipalities in favor of Hoboken.

As I understand the decision in the case of Attorney-General *v.* Gaul and others, a discrimination of that kind calls for immediate action on the part of the public utility commissioners on pain of having their failure to act treated as neglect of duty for which they may forfeit their office. It is true that it might be open to them to show that the rates which resulted in such a difference are not unjust, unreasonable, unduly preferential, arbitrary or unjustly discriminatory, and it may be that upon inquiry into the facts the court would hold that the existence of the contract between Hoboken and the water company made legal the discrimination. But, on the face of it a contract by which Hoboken pays so small a proportion of the cost of the capital invested in the business is unjustly discriminatory and the existence of a contract is not an insuperable objection where the contract is with a municipality. *Collingswood Sewerage Co.* v. *Collingswood,* 91 *N. J. L.* 20; *affirmed,* 92 *Id.* 509; *Atlantic Coast Electric Railway* v. *Public Utility Board,* 89 *Id.* 407; *affirmed,* 92 *Id.* 168.

Manifestly in order that justice may be done the whole case must be reconsidered since the proper rate can only be determined upon considering the property as a whole. I will hear counsel on the form in which the judgment shall be entered.